IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CRIMINAL NO. 6:25-CR-00119-ADA |
| § | |
| CALEB PARKERSON § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

### I.  PROCEDURAL BACKGROUND

Caleb Parkerson was originally charged for unlawful possession of a firearm under 18 U.S.C. §§ 922(g)(l) on October 2, 2024.  Caleb Parkerson was convicted and sentenced to time served, with three years of supervised release. The defendant's supervised release began on October 2, 2024.

On November 6, 2025, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his supervision in the following ways:

**Violation Number 1:** The defendant violated Mandatory Condition Number 1, in

that he committed a new crime. On September 4, 2025, Mr. Parkerson assaulted the general manager at his place of employment, after being fired from his employment for misconduct.

**Violation Number 2:** The defendant violated Mandatory Conditions Number 2 and 3, in that he unlawfully possessed and used a controlled substance, in that he tested positive for marijuana on March 19, 2025. He subsequently admitted to the unlawful possession and use of marijuana.

**Violation Number 3:** The defendant violated Standard Condition Number 4, in that he failed to truthfully answer questions asked by the probation officer

**Violation Number 4:** The defendant violated Standard Condition Number 8, in that he communicated and interacted with someone he knew to be engaged in criminal activity, in that he smoked marijuana with a female friend.

**Violation Number 5:** The defendant violated Standard Condition Number 14, in that he failed to pay the $100.00 special assessment.

**Violation Number 6:** The defendant violated the Additional Conditions for mental health treatment and mental health medication, in that he failed to attend mental health treatment as instructed and failed to take mental health medication as prescribed.

**Violation Number 7:** The defendant violated Mandatory Conditions Number 2 and 3, in that he unlawfully possessed and used a controlled substance.  The defendant admitted to using marijuana on or about October 28, 2025.

**Violation Number 8:** The defendant violated Standard Condition Number 5, in that he failed to notify the probation officer ten days in advance, or within 72 hours of changes to his living arrangements.

**Violation Number 9:** The defendant violated Standard Condition Number 8, in that he communicated and interacted with a convicted felon without the permission of the probation officer.

**Violation Number 10:** The defendant violated Standard Condition Number 7, in that he failed to work full-time at a lawful type of employment. Additionally, when not working full-time, he failed to seek full-time employment.

**Violation Number 11:** The defendant violated Standard Condition Number 4, in that he failed to truthfully answer questions asked by the probation officer

On November 10, 2025, the Court held a hearing on the petition. The defendant pled TRUE as to violation number 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11. The petition contained a sufficient factual basis to support a plea of TRUE as to violation number 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of the defendant and other testimony at the hearing, the undersigned finds as follows:

1. The defendant violated the conditions of his supervision as alleged in the petition.

2. The defendant was competent to make the decision to enter a plea of TRUE as to violation number 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11.

3. The defendant had both a factual and rational understanding of the proceedings against him.

4. The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The defendant was sane and mentally competent to stand trial for these proceedings.

7. The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The defendant understood the petition and the charges alleged against him.

10. The defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11. The defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12. The defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. The defendant freely, intelligently, and voluntarily entered his plea of TRUE as to violation number 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11.

14. The defendant understood his statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support the defendant's pleas of TRUE as to violation number 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's term of supervised release be revoked and that he be sentenced to 7 months custody, with no term of supervised release to follow, with credit for times served.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 12th day of November, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE